IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.K., a minor by her next friend and father,
JAMES KILLIAN, and JAMES KILLIAN,

       Plaintiffs,

v.                                                  Case No. 26-2062-JWB


Unified School District 497,

       Defendant.

### MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to strike or, alternatively, to dismiss Count IX of the complaint.  (Doc. 13.)  The motion is fully briefed and ripe for decision.  (Docs. 16, 17.)  For the reasons stated herein, the motion is GRANTED.  Count IX of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1).

### I.      Facts & Procedural History

The facts relevant to this motion are few.  On January 30, 2026, Plaintiff filed this lawsuit against Unified School District 497 ("USD 497").  (Doc. 1.)  The underlying dispute involves the mishandling of Title IX complaints by USD 497 involving sexual harassment allegations committed against Plaintiff.  (*See id*.)  Plaintiff brings nine claims.  Among them is a Kansas state law claim for "Outrage and Intentional Infliction of Emotional Distress" ("Count IX").  (*Id*. at 45.)

Because Count IX was brought within the parameters of the Kansas Tort Claims Act ("KTCA"), and USD 497 is a municipality of the state of Kansas (K.S.A. § 12-105a(a)), Plaintiff must comply with the notice requirements set out in K.S.A. § 12-105b(d)(1).  The statute states that a lawsuit cannot be brought against a municipality unless it "has denied the claim or until after 120 days has passed following the filing of the notice claim."  K.S.A. § 12-105b(d)(1).  Defendants

argue that Plaintiff did not send the required notice until the same day the lawsuit was filed.  (Doc. 13 at 1.)  Accordingly, Defendants move to strike Count IX under Fed. R. Civ. P. 12(f) for failing to comply with the notice statute or, alternatively, to dismiss it under Fed. R. Civ. P. 12(b)(1) because the claim is not yet ripe for the same reason.

## II.    Analysis

Defendants move for dismissal of Count IX pursuant to rule 12(b)(1) arguing that this court lacks subject matter jurisdiction because the claim is not yet ripe due to the 120 days having not passed as required under K.S.A. § 12-105b(d).  (Doc. 13.)  First, a ripeness challenge is properly brought under Rule 12(b)(1).  *See Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) ("[A] ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).").  Looking next to the notice statute, pursuant to K.S.A. § 12-105b(d), "[a]ny person having a claim against a municipality . . . which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . before commencing such action."  "[N]o action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."  *Id*. "Compliance with this provision is jurisdictional in nature under Kansas law, such that '[i]f the statutory requirements are not met, the court cannot acquire jurisdiction' over the municipality or the employee on the claim."  *Shrum v. Cooke*, 2021 WL 3051891, at *6 (D. Kan. 2021) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 280 Kan. 869, 127 P.3d 319, 325 (2006)).

In response, Plaintiff argues that Defendants' answer amounted to a denial of Count IX, thereby satisfying the notice statute.  (Doc. 16 at 3–4; *see* Doc. 12.)  In support, Plaintiffs cite *Burgess v. West*, which states that the notice statute "merely requires a denial . . . in part."  817 F.

Supp. 1520, 1524 (D. Kan. 25 March 1993).   The court is unpersuaded.   Defendants clearly mention in their answer that they "simultaneously filed [a] Motion to Strike" Count IX.  (Doc. 12 at 30.)  This explicit reference makes clear that Defendants were not formally responding to the substance of Count IX.  Rather, by redirecting the reader to the motion to strike the very claim at issue, Defendants were reserving any substantive response pending resolution of the instant motion.  A statement in an answer that conditions its denial on whether "an answer is required" and defers to a co-filed dispositive motion cannot be construed as a denial of the claim for purposes of the notice statute.  Moreover, Plaintiff has not cited authority establishing that a defendant's answer, standing alone, constitutes a "denial" for purposes of K.S.A. § 12-105b(d)(1).

Having found Defendants' answer insufficient to constitute a "denial," Plaintiff has not satisfied the statute's notice requirement.  Accordingly, this court cannot acquire jurisdiction over USD 497 with respect to Count IX at this time.  *Shrum*, 2021 WL 3051891 at *6.  Notably, Plaintiff appears to recognize as much, evidenced by his representation that he is "preparing a motion for leave to file an amended petition to specifically allege Defendant's denial."  (Doc. 16 at 4.)

Accordingly, Count IX in Plaintiff's complaint (Doc. 1) is dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").[1]

## III.     Conclusion

---

[1] Defendants also move to strike Count IX under Fed. R. Civ. P. 12(f).  (Doc. 13.)  However, Defendants move to strike Count IX because Plaintiff failed to comply with K.S.A. § 12-105b(d)'s notice requirements, which is the same reason Defendants sought dismissal under Fed. R. Civ. P. 12(b)(1).  Accordingly, because of this court's dismissal of Count IX without prejudice, Defendants' motion to strike allegations under Rule 12(f) are denied as moot.

THEREFORE, Defendants' motion to strike or, alternatively, to dismiss (Doc. 13) is GRANTED.  Count IX of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1).

IT IS SO ORDERED.  Dated this 14th day of May, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE